United States District Court
Southern District of Texas
**ENTERED**
July 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEAN MCGREW, Individually and on behalf of all others similarly situated, § § § § *Plaintiff*, § § v. § § QUINN'S RENTAL SERVICES (USA), LLC § F/K/A QUINN'S ENERGY SERVICES, LLC § F/K/A LEE SPECIALTIES (USA), LLC, § JAMES R. LEE, DOUG QUINN, AND STEVE § VAN TETERING, § § *Defendants*. § | CIVIL ACTION H-16-543 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion to dismiss and alternatively, motion to stay, filed by defendant Quinn's Rental Services (USA), LLC F/K/A Quinn's Energy Services, LLC F/K/A Lee Specialties (USA), LLC ("Quinn"). Dkt. 6. After considering the motion, response, and all other relevant filings, the court finds that Quinn's motion to dismiss and alternatively, motion to stay, should be DENIED.

**I. BACKGROUND**

On March 1, 2016, plaintiff Sean McGrew ("McGrew") filed this collective action in an attempt to recover unpaid overtime wages, which McGrew alleges were owed him pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Dkt. 1. McGrew worked for Quinn, a specialized oilfield solutions provider, from about October 2011 until January 2015. *Id.* at 6. McGrew claims that he and other similarly situated employees regularly worked about 84 hours per week during this time period. *Id.* at 8. McGrew states that from about July 2015 until November

2015, he and other putative class members were paid an hourly rate with overtime as well as non-discretionary job bonuses. Dkt. 7 at 3. However, McGrew alleges that this pay scheme was in violation of the FLSA because the non-discretionary bonuses were not included in the calculation of overtime pay. Dkt. 1 at 8. In this case, McGrew defines the collective action as

> [a]ll current and former employees who worked for Quinn's Rental Services (USA), LLC F/K/A Quinn's Energy Services, LLC F/K/A Lee Specialties (USA), LLC, James R. Lee and/or Doug Quinn, at any time from March 1, 2013 through the present, and were paid hourly plus overtime but whose job bonuses/day rates were not included in the regular rate of pay for purposes of determining their proper overtime rate.

Dkt. 1 at 11.

Prior to the filing of this lawsuit, in June 2015, Gary Self, Jr. ("Self") also filed a collective action against Quinn. Dkt. 6 at 2. In the complaint, Self alleges that Quinn mis-classified him and other putative class members as exempt from the FLSA's overtime pay requirements and improperly denied them overtime pay. Dkt. 7 at 2. Self defines the potential collective action as "[a]ll field employees who worked for Quinn's Rental Services (USA), LLC F/K/A Quinn's Energy Services, LLC F/K/A Lee Specialties (USA), LLC, from June 5, 2012 through the present, and were paid a salary plus a job bonus but did not receive overtime." First Amended Collective Action Complaint at 11, *Self v. Quinn's Rental Serv.*, No. 4:15-cv-1569 (S.D. Tex. Dec. 10, 2015) (Rosenthal, J.), ECF No. 32. McGrew is an opt-in plaintiff in the *Self* case. Dkt. 7 at 3.

On April 22, 2016, Quinn filed the pending motion, arguing that this case should be dismissed or stayed pursuant to the first-to-file rule because of its similarities to the *Self* case. Dkt. 6. On May 13, 2016, McGrew filed a response. Dkt. 7. The motion is now ripe for disposition.

## II. LEGAL STANDARD

The first-to-file rule is a discretionary doctrine that applies when there are related cases

2

pending before two federal courts and the court in the second filed action determines that the issues raised "substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Where the issues substantially overlap, the court in the second filed action may dismiss the case, stay the case, or transfer the case to the court in the first filed action. *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–730 (5th Cir. 1985). In general, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power*, 121 F.3d at 948. The first-to-file rule is used to maximize the values of judicial economy, consistency, and comity. *Cadle*, 174 F.3d at 604. "[T]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (quoting *W. Gulf*, 751 F.2d at 729).

### III. ANALYSIS

In its motion, Quinn argues that substantial overlap exists between this case and the *Self* case. Dkt. 6 at 6. Quinn contends that the only substantive difference between this case and the *Self* case is that McGrew has added three individual defendants: James R. Lee, Doug Quinn, and Steve Van Tetering. *Id.* at 5. Further, Quinn emphasizes that McGrew is also a class member in the *Self* case. *Id.* at 3. Thus, Quinn asserts that this case should either be dismissed or stayed because the *Self* case was first filed, the opt-in period was still open in the *Self* case when this action was filed, and the issues are the same. *Id.* at 4–6.

In response, McGrew disputes that substantial overlap exists between the two cases. Dkt. 7. McGrew argues that although there may be some overlap—for example, both actions are brought under the FLSA—the core issues of the actions are different. *Id.* McGrew explains that even though

3

certain class members will be eligible to join both actions, the damages will not overlap because the *Self* case deals with a time period when Quinn did not pay overtime at all, whereas this case deals with a later time period when Quinn paid overtime but did not include the non-discretionary job bonuses in the overtime pay calculation. *Id.* at 2–3. Thus, McGrew contends that the key issue in the *Self* case is whether the employees were entitled to overtime pay, whereas in this case the key issue is whether Quinn calculated the amount of overtime pay properly. *Id.* at 5–6. Therefore, McGrew disagrees that the issues are duplicative of those currently pending in the *Self* case. *Id.* at 7.

Quinn is correct that there are some similarities between this case and the *Self* case—for example, both involve claims under the FLSA and will include some of the same parties. However, the actual claims in the cases are fundamentally different. The *Self* case centers on the issue of whether class members were properly characterized as exempt under the FLSA and denied overtime pay during the time period from June 5, 2012 through June 5, 2015. By contrast, this case centers on employees who *were* paid overtime and asks whether Quinn correctly calculated the amount of overtime paid between July 2015 and November 2015. Therefore, the nature of the claims, relevant time period, and calculation of potential damages will be entirely different. Finally, rulings from the *Self* case will not affect the progress of this case. Because Quinn paid McGrew and other potential class members overtime during the relevant time period in this case, any questions regarding exemption are not before this court. Therefore, this case will not hinge on any determinations made in the *Self* litigation, nor will proceedings in this court trench upon the authority of the *Self* court. Accordingly, the court finds that there is not "substantial overlap" between this case and the *Self* case. Therefore, Quinn's motion is DENIED.

### IV. CONCLUSION

Quinn's motion to dismiss and alternatively, motion to stay (Dkt. 6) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on July 25, 2016.

_____
Gray H. Miller
United States District Judge